O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-3944-AHM (FMOx) | Date | August 9, 2010 |
|---|---|---|---|
| Title | SHAHRAM MAGHAME v. JPMORGAN CHASE BANK, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:           Attorneys **NOT** Present for Defendants:

**Proceedings:**           IN CHAMBERS (No Proceedings Held)

## I.   INTRODUCTION

This case is before the court on Defendants J.P. Morgan Chase Bank, N.A. ("J.P. Morgan") (erroneously sued as JPMorgan Chase Bank), Chase Home Finance LLC ("Chase"), and California Reconveyance Company's ("CRC")  motion to dismiss for failure to state a claim.  Plaintiff Shahram Maghame filed suit against Defendants[1] in connection with a residential real estate loan transaction that closed on April 2, 2007.  Complaint ("Compl.") ¶ 17.  Plaintiff alleges one cause of action, for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*. and Regulation Z § 226.23 (12 C.F.R. § 226.23).  Compl. ¶¶ 24-35.

Defendants move to dismiss the Complaint on several grounds.  First, Defendants argue that Plaintiff cannot state a claim against J.P. Morgan because under the terms of its Purchase and Assumption Agreement ("P&A Agreement") with the Federal Deposit Insurance Corporation ("FDIC") for certain WaMu assets and liabilities, J.P. Morgan did not assume liability for borrower claims related to WaMu loans.  Defendants' Memorandum of Points and Authorities ("MPA") p. 5:2-17.

Second, Defendants argue they are not proper parties to Plaintiff's action.  As to Chase and CRC, Defendants assert that neither is a creditor of Plaintiff and only the

---

[1] Washington Mutual Bank ("WaMu") is the final named defendant, but is not a party to this motion.  On September 25, 2008, the Office of Thrift Supervision closed Washington Mutual Bank and appointed the FDIC as receiver.  MPA p. 5:3-5.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3944-AHM (FMOx) | Date | August 9, 2010 |
|----------|------------------------|------|----------------|

| Title | SHAHRAM MAGHAME v. JPMORGAN CHASE BANK, et al. |
|-------|-------------------------------------------------|

original creditor and assignees of the creditor are liable for TILA violations. *Id.* at p. 6:8-10, 21-25. Defendants claim that J.P. Morgan is not a proper party because it assigned the loan in question to another entity prior to Plaintiff filing suit and, therefore, it lacks authority to grant a claim for rescission under TILA. MPA p. 7:1-11.

Third, Defendants assert that Plaintiff's claim for damages is time-barred by TILA's applicable one-year statute of limitations and that Plaintiff's claim for rescission is time-barred by TILA's applicable three-year statute of limitations. *Id.* at 7:13-8:12.

Finally, Defendants claim that Plaintiff failed properly to allege tender of the outstanding amounts owed under the loan in question, which Defendants argue is fatal to Plaintiff's cause of action. *Id.* at pp. 8:15-9:20.

For the reasons set forth below, and after a hearing on August 9, 2010, the Court DENIES Defendants' motion to dismiss.[2]

## II.    FACTUAL ALLEGATIONS

The following factual allegations are taken from Plaintiff's Complaint, unless otherwise stated, and are accepted as true for purposes of this motion. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007). In March 2007, Plaintiff obtained a residential real estate loan from WaMu. Compl. ¶ 13. At the closing of the loan, Plaintiff received a set of loan documents that included only one Notice of Right to Cancel form, instead of the required two copies. *Id.* at ¶¶ 14, 15; Ex. 1. This form did not state the date of the transaction or the last day on which Plaintiff could exercise his right to rescind the loan. *Id.* at ¶ 15. Plaintiff's wife, a joint owner of the property but not a loan applicant, never received a Notice of Right to Cancel form. *Id.* at ¶ 16. The deed of trust securing the loan, which named both Plaintiff and his wife as borrowers, was recorded on April 2, 2007. *Id.* at ¶ 17.

---

[2]Docket No. 22.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3944-AHM (FMOx) | Date | August 9, 2010 |
|---|---|---|---|
| Title | SHAHRAM MAGHAME v. JPMORGAN CHASE BANK, et al. | | |

In September 2008, J.P. Morgan and/or Chase[3] acquired certain WaMu assets, including Plaintiff's loan. *Id.* at ¶ 5. J.P. Morgan and/or Chase became "the successor-in-interest and assignee of the rights and obligations of Washington Mutual with regard to the residential real estate finance loan provided to Plaintiff by Washington Mutual." Compl. ¶ 6.

Plaintiff made payments on the loan until mid-2009, after which he began to fall behind on his payments. *Id.* at ¶ 18. In or around May 2009, Plaintiff had a forensic loan audit performed on his loan documents, which revealed deficiencies in WaMu's compliance with relevant state and federal laws. *Id.* at ¶ 19. One of these deficiencies was WaMu's failure to provide Plaintiff and his wife each with two copies of a properly completed Notice of Right to Cancel form. *Id.*

On February 23, 2010, J.P. Morgan and/or Chase initiated foreclosure proceedings, through CRC, which delivered to Plaintiff a Notice of Default and Election to Sell under Deed of Trust. *Id.* at ¶ 23. That same day, February 23, 2010, J.P. Morgan apparently assigned Plaintiff's loan to Bank of America ("B of A"). Defendants' Request for Judicial Notice ("RJN"), Ex. 2. There is no evidence before the Court that Plaintiff received any notice whatsoever of this purported assignment to B of A. To the contrary, the Notice of Default provided to Plaintiff, dated the day of the assignment to B of A, states, "To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact: JPMorgan Chase Bank . . . ." Compl. Ex. 3, p. 2. On March 3, 2010, Plaintiff provided Chase with a notice of rescission of the loan and tendered to Chase the original loan amount minus any amounts previously paid and for which Chase would be liable under applicable federal and state laws. *Id.* at ¶ 21. Chase refused to accept Plaintiff's notice of tender. *Id.* at ¶¶ 22-23.

## III.   LEGAL STANDARD FOR MOTION TO DISMISS

A complaint may be dismissed for failure to state a claim upon which relief can be

---

[3]The Complaint refers to Defendants J.P. Morgan and Chase collectively as "Chase." Compl. p. 1:22-24. For purposes of evaluating the Complaint's factual allegations, therefore, references to "Chase" include J.P. Morgan.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3944-AHM (FMOx) | Date | August 9, 2010 |
|----------|------------------------|------|----------------|
| Title | SHAHRAM MAGHAME v. JPMORGAN CHASE BANK, et al. | | |

granted. *See* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, — U.S.—, 129 S.Ct. 1937, 1949 (2009)(quoting *Twombly*, 550 U.S. at 570). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal quotation marks and ellipsis omitted).

The plausibility standard articulated in *Twombly* and *Iqbal*, requires that a complaint plead facts demonstrating "more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotation marks and citation omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Iqbal*, 129 S.Ct. at 1950 (internal citation, alteration, and quotation marks omitted); *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the pleader to relief.") (citing *Iqbal*, 129 S.Ct. at 1949).

To determine whether a complaint states a claim sufficient to withstand dismissal, a court considers the contents of the complaint and its attached exhibits, documents incorporated into the complaint by reference, and matters properly subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-323 (2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The court must accept as true all factual allegations contained in the complaint. That principle, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1950.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3944-AHM (FMOx) | Date | August 9, 2010 |
|---|---|---|---|
| Title | SHAHRAM MAGHAME v. JPMORGAN CHASE BANK, et al. | | |

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

## IV.    DISCUSSION

### A.    <u>Plaintiff</u> <u>Adequately</u> <u>Stated</u> <u>a</u> <u>Claim</u> <u>for</u> <u>TILA</u> <u>Liability</u> <u>Against</u> <u>J.P.</u> <u>Morgan</u>

Defendants assert that Plaintiff cannot state a claim against J.P. Morgan because under the terms of J.P. Morgan's P&A Agreement with the FDIC for certain WaMu assets and liabilities, J.P. Morgan did not assume liability for borrower claims related to WaMu loans. MPA p. 5:2-17. In support of this argument, Defendants cite Section 2.5 of the P&A Agreement. *Id.* at p. 5:7-17. This P&A Agreement is neither referenced by nor incorporated into the Complaint.

Typically, a district court may not consider any evidence beyond the pleadings on a Rule 12(b)(6) motion without treating the motion as one for summary judgment under Rule 56. Fed. R. Civ. Proc. 12(b)(6); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). An exception to this rule is that a district court may take judicial notice of matters of public record and rely on such evidence without converting a motion to dismiss into a motion for summary judgment. *Lee*, 250 F.3d at 688-89.

Here, Defendants have requested that the Court take judicial notice of the P&A Agreement and have submitted a copy of the agreement with their motion to dismiss. RJN, Ex. 5. It is not clear from the face of the P&A Agreement that it is a matter of public record, nor do Defendants explain in their RJN or other moving papers how this is so. *See* Fed. R. Evid. 201(d). Unless the P&A Agreement is a matter of public record, the Court may not consider it without converting the instant motion into a motion for

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3944-AHM (FMOx) | Date | August 9, 2010 |
|---|---|---|---|
| Title | SHAHRAM MAGHAME v. JPMORGAN CHASE BANK, et al. | | |

summary judgement, which the Court will not do because the parties have not yet had the opportunity to develop the factual record through discovery.

As alleged, the Complaint states a TILA claim against J.P. Morgan with sufficient factual particularly to survive a motion to dismiss. Defendants' assertions as to the P&A Agreement's effect on J.P. Morgan's liability are more properly dealt with on summary judgment.

## B. **Defendants Are Proper Parties To This Suit**

Defendants assert that they are not proper parties to this action for various reasons. Under TILA, the only parties who can be liable for violations are the original creditor and assignees of that creditor. 15 U.S.C. §§ 1640, 1641. A loan servicer is not treated as an assignee under TILA unless the servicer is *or was* an owner of the obligation. *Id.* at § 1641(f)(1) (emphasis added).

### 1. J.P. Morgan is a proper party

Defendants apparently do not dispute that J.P. Morgan was an assignee of the loan for purposes of TILA. Instead, Defendants claim that J.P. Morgan assumed no liability for the subject loan under its P&A Agreement. Defendants also claim that J.P. Morgan is not a proper party because it is not a *current* assignee, having assigned the loan to Bank of America on February 24, 2010. Reply pp. 2:25-3:1. Therefore, according to Defendants, J.P. Morgan is not a proper party because it has no authority to rescind the loan.

Contrary to Defendants' assertions, J.P. Morgan *is* a proper party here. First, as discussed below, the Complaint states a timely TILA damages claim against J.P. Morgan, at least to the extent that J.P. Morgan rejected Plaintiff's rescission offer. Defendants claim in their Reply that "JPMorgan and/or Chase are merely the servicers of the Loan on behalf of BofA." p. 3:5-6. Even if J.P. Morgan currently is a servicer of Plaintiff's loan, it still faces liability as an assignee under TILA because it previously owned the loan. 15 U.S.C. § 1641(f)(1). Second, even if J.P. Morgan is no longer the current owner of the

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3944-AHM (FMOx) | Date | August 9, 2010 |
|---|---|---|---|
| Title | SHAHRAM MAGHAME v. JPMORGAN CHASE BANK, et al. | | |

loan, it faces liability for Plaintiff's TILA rescission claim.

## 2.   <u>Chase</u> <u>and</u> <u>CRC</u> <u>are</u> <u>proper</u> <u>parties</u>

Defendants assert that Chase and CRC are not proper parties because neither is the original creditor nor an assignee of that creditor, and thus face no liability under TILA. MPA p. 6:8-12.  Second, Defendants claim that Plaintiff does not allege that Chase and CRC are creditors and note that various recorded documents, of which Defendants ask the Court to take judicial notice, demonstrate that neither Chase nor CRC is the original creditor.  *Id.* at p. 6:21; RJN Ex. 1-4.

As to Chase, Plaintiff's allegations defeat Defendants' arguments.  The Complaint's preamble states that "JPMorgan ChaseBank" and "Chase Home Finance, LLC" are referred to collectively as "Chase" throughout the Complaint.  Compl. p. 1:22-24.  Later in the Complaint, Plaintiff clearly alleges, "Defendant Chase is a 'creditor' with regard to the secured loan that is the subject of this action, as defined in TILA and Regulation Z . . . ."  *Id.* at ¶ 8.  Plaintiff alleges he "gave Defendant Chase a valid notice of rescission of the Loan."  *Id.* at ¶ 21.  Finally, Plaintiff alleges, "Defendant Chase failed and refused to accept Plaintiff's valid notice of rescission or to take the required actions thereafter."  *Id.* at ¶ 22.  These allegations are sufficient to state a TILA claim against Chase, notwithstanding Defendants' claims that Chase merely services Plaintiff's loan.

CRC is differently situated.  There are no allegations in the Complaint that CRC is a current or former assignee of the loan and, as such, CRC faces no liability under TILA. By all appearances, CRC merely is a loan servicer that instituted foreclosure proceedings on Plaintiff's property.  Although it faces no liability based on the current Complaint's allegations, CRC remains a necessary party due to its involvement in the foreclosure proceedings.  Fed. R. Civ. P. 19(a)(1); *Miranda v. Universal Fin. Group*, 459 F. Supp. 2d 760, 765-66 (N.D. Ill. 2006) (retaining loan servicer as necessary party because "the servicer could impair the borrower's ability to fully protect his or her interest in rescinding the loan because the servicer could . . . foreclose on the loan.").  Therefore, CRC remains a defendant in this case and remains subject to the Court's preliminary injunction order preventing foreclosure of Plaintiff's property during the pendency of this case.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3944-AHM (FMOx) | Date | August 9, 2010 |
|---|---|---|---|
| Title | SHAHRAM MAGHAME v. JPMORGAN CHASE BANK, et al. | | |

### C.   Plaintiff's Claim Is Not Time Barred

Defendants raise two statutes of limitation defenses in their papers. Defendants argue Plaintiff's damages claim is time-barred by TILA's one-year statute of limitations set forth in 15 U.S.C. § 1640(e). Defendants also argue that Plaintiff's rescission claim is time-barred by TILA's three-year statute of limitations set forth in 15 U.S.C. § 1635(f) and 12 C.F.R. § 226.23(a)(3).

Following are the dates relevant to both statutes of limitations in this case:

| <u>DATE</u> | <u>ACTION</u> | <u>CITATION</u> |
|---|---|---|
| March 20, 2007 | Plaintiff obtained residential loan from WaMu. | Compl. ¶ 13 |
| March 20, 2007 | Plaintiff received only one Notice of Right to Cancel form (rather than the required two forms), which did not include certain necessary information, such as the date of the transaction or the last day to rescind the loan. Plaintiff's wife, a joint owner of the subject property, received no Notice of Right to Cancel form. | Compl. ¶ 15 |
| April 2, 2007 | Deed of trust, naming Plaintiff and his wife as borrowers, is recorded. | Compl. ¶ 17 |
| September 2008 | Office of Thrift Supervision closed WaMu and appointed the FDIC as receiver**.** | MPA p. 5:3-5 |
| September 2008 | J.P. Morgan and/or Chase acquired certain WaMu assets, including Plaintiff's loan. | Compl. ¶ 5 |

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3944-AHM (FMOx) | Date | August 9, 2010 |
|---|---|---|---|
| Title | SHAHRAM MAGHAME v. JPMORGAN CHASE BANK, et al. | | |

| | | |
|---|---|---|
| mid-2009 | Plaintiff stopped making timely loan payments. | Compl. ¶ 18 |
| May 2009 | Plaintiff had forensic audit of loan documents conducted, which disclosed deficiencies. | Compl. ¶ 19 |
| February 23, 2010 | J.P. Morgan and/or Chase initiated foreclosure proceedings on the property through CRC.[4] | Compl. ¶ 21-23; Ex. 3; Oppos. p. 3:10-12 |
| February 23, 2010 | J.P. Morgan assigned the loan to B of A | RJN, Ex. 2 |
| March 3, 2010 | Plaintiff gave Chase a notice of rescission and tendered to Chase the original loan amount minus certain amounts not due. | Compl. ¶ 21; Ex. 2 |
| post-March 3, 2010 | Chase refused to accept Plaintiff's notice of rescission. | Compl. ¶ 22 |
| May 26, 2010 | Plaintiff filed his Complaint against Defendants. | |

1.    Plaintiff's Damages Claim Under TILA is Not Time Barred.

The statute of limitations for damages under TILA is one year.  15 U.S.C. §
1640(e).  Defendants argue that because the loan transaction closed on April 2, 2007,
when the deed was recorded, and Plaintiff did not file his action until May 26, 2010,

---

[4]This entry is yet another example of the shell game-like maneuvers that gigantic
financial companies, such as J.P. Morgan Chase and Bank of America, have concocted to
confuse naive borrowers and thereby avoid liability under federal statutes, such as TILA,
designed to protect such individuals.  J.P. Morgan's counsel appear to be confused
themselves about which corporate entity did what, and when.  Thus, their Reply states
"J.P. Morgan and/or Chase are merely the servicers of the loan on behalf of BofA."
And/or?  If defense counsel don't know who's (figuratively) on first, why should they
expect to have the beleaguered plaintiff called out on strikes?

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3944-AHM (FMOx) | Date | August 9, 2010 |
|---|---|---|---|
| Title | SHAHRAM MAGHAME v. JPMORGAN CHASE BANK, et al. | | |

Plaintiff's damages claim is well past the one-year period of limitations. MPA p. 7:13-20. This may be true to the extent that Plaintiff relies on WaMu's inadequate disclosures at the loan's inception as the basis for his TILA damages claim. Such a claim, as alleged, might fall outside of the statute of limitations. Plaintiff's Complaint, however, alleges that Defendants violated TILA through actions other than WaMu's failure to make proper disclosures, including Defendants' failure to accept Plaintiff's notice of rescission. Compl. ¶¶ 29-33.

When a TILA damages claim is based on a failure to rescind a transaction, the one-year statute of limitations under 15 U.S.C. § 1640(e) is triggered by the lender's receipt of the borrower's rescission notice, as long as the lender receives the notice within the three year statute of limitations provided in 15 U.S.C. § 1635(f). *See Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164-65 (9th Cir. 2002). Here, the loan transaction closed on April 2, 2007. Plaintiff alleges he gave Defendants a notice of rescission on March 3, 2010, within the three year statute of limitations. *See* 15 U.S.C. § 1635(f). Finally, he filed suit on May 26, 2010, well within the one year limit. *See* 15 U.S.C. § 1640(e). Thus, Plaintiff's allegations state a timely claim for damages sufficient to survive a motion to dismiss.

Defendants claim that, because J.P. Morgan assigned the loan to B of A, the same day J.P. Morgan and/or Chase initiated foreclosure proceedings but a few days prior to Plaintiff delivering his rescission notice, they had no power to grant Plaintiff's rescission. MPA p. 7:1-11. In effect, Defendants argue that Plaintiff did not provide the rescission notice to the actual owner of his loan within the three-year statutory period. But Defendants proffered no evidence that Plaintiff had notice of the purported assignment by J.P. Morgan to B of A. So it would be impossible for Plaintiff to deliver the rescission notice to the proper party (assuming B of A was that party). The lack of notice is particularly egregious here, in that the very same day of the assignment to B of A, Plaintiff received a notice of default instructing him to contact *J.P. Morgan* to stop the foreclosure.

Defendants provide no authority in support of the proposition that a homeowner who is not given notice of a reassignment effectively is out of luck. This is hardly surprising. The result would be yet another shell game, in which a homeowner's loan could be reassigned without notice a mere few hours before the homeowner delivers a

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3944-AHM (FMOx) | Date | August 9, 2010 |
|---|---|---|---|
| Title | SHAHRAM MAGHAME v. JPMORGAN CHASE BANK, et al. | | |

notice of rescission to the *former* holder of the loan, thereby depriving the homeowner of his rights under TILA.  This would be a striking inequity that is directly counter to TILA's purpose.

2.    <u>Plaintiff's Rescission Claim Under TILA Is Not Time Barred</u>

Under TILA, when a lender fails to provide a borrower with proper notice of the borrower's right to rescind, the statue of limitations for rescission is three years.  15 U.S.C. § 1635(f).  Defendants argue that because the loan transaction closed on April 2, 2007, and Plaintiff did not file suit until more than three years later, on May 26, 2010, Plaintiff's claim for rescission is time barred.  MPA p. 7:15.  Again, Defendants mistake the triggering event for purposes of the statute of limitations.  Plaintiff exercised his right to rescind under TILA by giving Defendants a notice of rescission on March 3, 2010, well within the three-year statutory limit.  As discussed above, under the circumstances presented here, J.P. Morgan's purported reassignment of the loan to B of A does not bear on this analysis. Thus, Plaintiff's allegations are sufficient to state a timely rescission claim.

**D.    Plaintiff Adequately Alleges Tender In His Complaint**

 Defendants argue that Plaintiff "fails to allege a current tender offer or set forth an allegation of a current ability to meet to [sic] Plaintiff's own rescission obligations." MPA 9:18-20.  This claim is meritless.  Plaintiff's Complaint sets forth detailed allegations regarding his tender:

> On March 3, 2010, Plaintiff gave Defendant Chase a valid notice of rescission of the Loan.  Concurrently, Plaintiff tendered to Defendant Chase the original loan amount ($1,800,000) minus any amounts already paid on the Loan and amounts for which Defendant Chase would be liable under applicable federal and state laws.  Plaintiff made arrangements for such funds to be available and offered to pay the adjusted sum upon acceptance by

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3944-AHM (FMOx) | Date | August 9, 2010 |
|---|---|---|---|
| Title | SHAHRAM MAGHAME v. JPMORGAN CHASE BANK, et al. | | |

Defendant Chase of the tender offer and termination of all
security interest in and on the Property.

Compl. ¶ 21.  These factual allegations regarding Plaintiff's tender are sufficiently
plausible on their face to survive a motion to dismiss.  *Iqbal*, 129 S.Ct. 1937, 1949.


**V.    CONCLUSION**

Based on the foregoing, the Court DENIES Defendants' motion to dismiss.[5]


                                                              _____ : _____
                                    Initials of Preparer              SMO


---

[5]Docket No. 22.